IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20106
_____


SHIRLEY CLARK LA BLANCHE
and GEORGE DERRELL LA BLANCHE,

                                        Petitioners-Appellants,

versus

WILLIAM T. HARMON, Judge,

                                        Respondent-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 95-MC-26
- - - - - - - - - -
September 15, 1995

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

     IT IS ORDERED that the appellants' motion for the
appointment of counsel is DENIED, because their appeal from the
denial of mandamus relief lacks arguable merit and is therefore
frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.
1983).  Because the appeal is frivolous, IT IS FURTHER ORDERED
that the appeal is DISMISSED.  See 5th Cir. R. 42.2.  Appellants

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

are warned that the filing of future frivolous appeals will result in sanctions against them.

The appellants were named the defendants in a felony case filed in a Texas state court.  The trial judge and a state appellate court denied their applications for the judge's recusal.  Appellants then sought to achieve that result by filing a petition for mandamus in the United States district court.  They now request the appointment of counsel to represent them on appeal.

"[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where [as in this case] mandamus is the only relief sought."  Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).  In Howell v. Supreme Court of Texas, 885 F.2d 308, 309-13 (5th Cir. 1989), cert. denied, 496 U.S. 936 (1990), this court held that the district court lacked jurisdiction under 42 U.S.C. § 1983 to review Texas Supreme Court justices' refusal to recuse or disqualify themselves in a state court civil proceeding.  Accordingly, this appeal is frivolous as a matter of law.

MOTION FOR COUNSEL DENIED; APPEAL DISMISSED.